UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELEAZAR VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-00131 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**
**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the Court is Plaintiff's Complaint alleging civil rights violations based on a failure to protect and deliberate indifference to serious risk of harm.  D.E. 1. On July 8, 2013, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Action (D.E. 12), recommending that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted and/or as frivolous.  Plaintiff timely filed his Objections (D.E. 14) on July 20, 2013. Plaintiff's objections are numbered and will be addressed in the order presented.

First, Plaintiff asserts that he is not well-versed in the law and should not be held to the same standards as apply to lawyers.  D.E. 14, p. 1.  The law does provide for "heavy indulgence of pleadings by prisoners without counsel."  *E.g., United States v. Martinez,* 181 F.3d 627, 629 (5th Cir. 1999).  Nonetheless, the Complaint, read liberally, must state a claim upon which relief may be granted.  After review of the Memorandum and Recommendation, the Court finds that the result was not influenced by any failure of

legal expertise.  Plaintiff's first objection is **OVERRULED**.

In a separate document filed with his Objections, Plaintiff seeks the appointment of counsel.  D.E. 14, pp. 15-17.

> Generally speaking, no right to counsel exists in Section 1983 cases.  "The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under 42 U.S.C. § 1983 unless the case presents exceptional circumstances."  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  A district court has the discretion to appoint counsel if doing so would advance the proper administration of justice.  28 U.S.C. § 1915(d); *Ulmer*, 691 F.2d at 213.

*Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir 1989).  Because the Court finds that this action fails to state a claim and is not "exceptional," the Motion to Appoint Counsel is **DENIED**.

Plaintiff's second objection merely recites general standards for prisons and suggests that budget constraints should not excuse Defendants from liability.  D.E. 14, pp. 2-6.  Nothing in the Memorandum and Recommendation indicates that Defendants are held to a lesser standard of prison conditions due to any funding issues.  Finding no discernible objection that applies to this case in his briefing under this point, the Plaintiff's second objection is **OVERRULED**.

In his third and fourth objections, Plaintiff compares the Texas prison system to that in California, suggesting that both violate prisoner's constitutional rights.  D.E. 14, pp. 6-7.  Finding no discernible objection that applies to this case in his briefing under these points, the Plaintiff's third and fourth objections are **OVERRULED**.

Fifth, Plaintiff objects to the recitation of his sexual orientation and criminal history in the Memorandum and Recommendation as prejudicial and discriminatory. D.E. 14, pp. 7-9.  The reason that the Magistrate Judge included these details was to acknowledge that Plaintiff was entitled to protection commensurate with the threat known to arise in a prison population regarding inmates with his status.  The recitation of these background facts was beneficial to the analysis of Plaintiff's case rather than prejudicial or detrimental.  The Plaintiff's fifth objection is **OVERRULED**.

In his sixth and seventh objections, Plaintiff indicates that he had intended to plead that the Defendants acted "under color of state law" and again notes that he is not well-versed in the law and should not be held to a high standard of pleading.  D.E. 14, pp. 10-11.   After review of the Memorandum and Recommendation, it is clear that the recommended result in this case is not based on any technical pleading defect.  Plaintiff's sixth and seventh objections are **OVERRULED**.

Eighth, Plaintiff argues that his lawsuit is not moot because of his transfer to a different prison facility.  D.E. 14, pp. 11-12.  He suggests that the state cannot guarantee that the civil rights violations will not happen again, apparently taking the position that any relief he might obtain in this case would be injunctive and prospective.  However, Plaintiff has requested only monetary relief.  D.E. 1, p. 4.  Such relief would not apply to future civil rights violations even if Plaintiff remained in the same facility.

Had Plaintiff requested injunctive relief, that relief would not follow him to another facility.  The injury-producing conditions of confinement or episodic acts would have terminated and the officials in charge of the new facility would not be responsible

for the former officials' actions.  Plaintiff's transfer would moot injunctive relief and the chance that he might be returned to the original facility is too speculative to support such relief.  *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  Plaintiff had nothing to gain by seeking injunctive relief in this case and he did not do so.

More importantly, the disposition recommended by the Magistrate Judge is not based on mootness.  The reference to Plaintiff's transfer is only in the context of showing that the transfer provided was a reasonable solution to the problem of how to protect Plaintiff from the other inmate.  To establish a failure to protect claim under § 1983, a prisoner must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994).  Transfer from a known dangerous housing assignment to a less dangerous one is a fact that negates "deliberate indifference."  *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (stating that actions such as "ordering further investigation or separating Johnson from a particular inmate who had been threatening him" may have been reasonable responses to Johnson's complaints of rape and torture by prison gangs).

Plaintiff's transfer was not held to moot his case.  But it does tend to negate a finding of deliberate indifference in the context of this case.  Plaintiff's eighth objection is **OVERRULED**.

Ninth, Plaintiff contends that the director of the prison is responsible for all of the constitutional rights of all of his prisoners.  D.E. 14, pp. 12-13.  The prison director's lack of knowledge of a substantial risk, he argues, makes the director negligent and

deliberately indifferent.  Mere negligence does not constitute deliberate indifference. *See generally, Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  For an official to act with deliberate indifference, he "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).  Because Plaintiff's ninth objection seeks to apply the wrong standard to supervisory conduct, it is **OVERRULED**.

Last, Plaintiff objects that suffering a sexual assault and beating in prison amounts to a harsher sentence than was ordered without due process and equal protection.  D.E. 14, pp. 13-14.  It is well-settled that complaints regarding the conditions of confinement for convicted prisoners are evaluated under the Eighth Amendment prohibition against cruel and unusual punishment.  Plaintiff's complaints are not properly couched in terms of due process or equal protection.  It would make no sense to suggest that a sexual assault or beating would be appropriate after according due process.  And Plaintiff does not provide any facts that would suggest that the acts of the officials or jailers were motivated by discrimination (although the acts of other inmates may have been).

The Eighth Amendment concerns are properly evaluated under the "failure to protect" and "deliberate indifference to serious harm" rubrics as set out above and in the Memorandum and Recommendation.  Plaintiff's tenth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a

*de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, this action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 13th day of August, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE