UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELEAZAR VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-131 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

#### I.     BACKGROUND

The issue presented in these proposed findings of fact is whether appellant Eleazar Vasquez, an inmate in state custody and appearing *pro* se, timely filed an application to proceed *in forma pauperis* on appeal in connection with the final judgment summarily dismissing his 1983 civil rights action. The Fifth Circuit Court of Appeals remanded this case "to the district court to determine in the first instance whether appellant, a *pro se* prisoner, placed his application to proceed *in forma pauperis* – which is dated October 1, 2013 – in the prison mail system on or before October 11, 2013, the last day to timely file such application." (D.E. 25).

United States District Judge Nelva Gonzales Ramos referred this matter to the undersigned United States Magistrate Judge pursuant to Title 28, United States Code, Section 636(b)(1)(B) for consideration and entry of proposed findings of fact.  Having considered the evidence presented in open court on June 12 and 25, 2014, the

undersigned submits proposed findings of fact and recommends that the District Court enter a finding that appellant timely filed his application to proceed *in forma pauperis*.

## II.     PROCEDURAL HISTORY

Appellant Eleazar Vasquez filed a *pro se* prisoner civil rights action in the Corpus Christi Division of the Southern District of Texas on May 13, 2013. (D.E. 1).[1] On June 14, 2013, appellant's application to proceed *in forma pauperis* before the District Court was granted. (D.E. 10). A *Spears*[2] hearing was held on July 1, 2013. On July 8, 2013, the undersigned Magistrate Judge recommended appellant's Eighth Amendment claims alleging failure to protect and deliberate indifference to his serious medical needs be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 12). On August 18, 2013, the District Judge having considered appellant's objections, adopted the findings and recommendation of the Magistrate Judge, dismissed appellant's action with prejudice, and entered final judgment. (D.E. 15, 16).

On September 3, 2013, appellant filed a document entitled "Motion To Request Intervention From This Appeals Court And Review And Render Justice To Petitioner's U.S. Constitutional Rights Entitlements. Please 'Appeal.'" (D.E. 17). The caption of the document is styled "In The United States Court of Appeals, Fifth Circuit, New Orleans."

---

[1] All references to docket entries (D.E.s) are to the docket entries of the District Court unless otherwise indicated.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

*Id.* The appellant stated in the motion, among other matters, "I file this appeal pro se. . ." *Id.* The clerk's office docketed the motion as a notice of appeal.[3] *Id.*

On September 11, 2013, the United States District Clerk notified the appellant that he must either pay the appellate filing fee of $455.00 or file a completed application to proceed *in forma pauperis* within thirty (30) days of the notice. (D.E. 18, p. 2). Appellant was also notified that failure to comply may result in his appeal being dismissed. *Id.*

The Clerk for the Fifth Circuit Court of Appeals docketed Appellant's notice of appeal as a prisoner case without counsel on September 12, 2013. *See* PRISONER CASE WITHOUT COUNSEL, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Sept. 12, 2013). The Clerk for the Fifth Circuit Court of Appeals notified appellant by letter dated September 17, 2013, that appellant must either pay the $455.00 appellate filing fee or apply with the District Court to proceed *in forma pauperis*. The Clerk for the Fifth Circuit notified appellant he had 45 days from the date of the letter to comply. Appellant was instructed that an application to proceed *in forma pauperis* on appeal should be filed with the District Court. *See* INITIAL CASE CHECK, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Sept. 12, 2013).

On November 20, 2013, appellant's appeal was dismissed for want of prosecution. *See* CLERK ORDER dismissing appeal pursuant to 5th Circuit Rule 42 for failure to pay fee, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Nov. 20, 2013).

---

[3] Appellant's notice of appeal was timely filed because he placed it in the prison institution's internal mail system on August 29, 2013, within 30 days after the entry of the final judgment. (D.E. 17, p. 7). *See* Fed. R. App. P. 4(a)(1)(A) and 4(c).

On December 19, 2013, appellant filed a motion to reopen the appeal. *See* Motion FILED BY Appellant Mr. Eleazar Vasquez to reopen case, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Dec. 19, 2013). This motion was also filed in the District Court, docketed as Motion to Reinstate Appeal. (D.E. 22). Appellant submitted in these motions that on October 2, 2013, he "responded to the 5th Circuit Court with all requested information to proceed in forma pauperis." *Id.* at p. 2.

On December 27, 2013, appellant's Motion to Reinstate Appeal was struck by the District Court because the motion was also pending before the Fifth Circuit. (D.E. 23).

On January 9, 2014, the Clerk of the Fifth Circuit Court of Appeals notified appellant by letter that neither the Fifth Circuit nor District Court had received appellant's application to proceed *in forma pauperis*. *See* letter from Clerk Lyle W. Cayce, attached as docket link [7541430-2] to CLERK ORDER denying motion to reopen case filed by Appellant Mr. Eleazar Vasquez, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Mar. 6, 2014). Appellant was informed that the Fifth Circuit would "resume the processing of the motion to reinstate <u>only</u> upon proof that the default has been remedied." *Id.* (emphasis original).

On March 6, 2014, Appellant's motion to reopen case was denied by an order of the Clerk for the Fifth Circuit Court of Appeals. CLERK ORDER denying motion to reopen case filed by Appellant Mr. Eleazar Vasquez, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Mar. 6, 2014).

On March 27, 2014, Appellant filed a document entitled "Petition for Rehearing" which the Fifth Circuit treated as a motion for reconsideration of the order dismissing the

appeal. *See* "Petition for Rehearing, etc." *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Mar. 27, 2014). Appellant argues in this motion that on October 1, 2013, he placed in the inmate mail his application to proceed *in forma pauperis* along with a certified copy of his inmate trust fund account statement. "Petition for Rehearing, etc." p. 4, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Mar. 27, 2014).

The Fifth Circuit construed Appellant's "Petition for Rehearing, Etc." as a motion for reconsideration, granted the motion, and remanded the case to the District Court "to determine in the first instance whether Appellant, a *pro se* prisoner, placed his application to proceed *in forma Pauperis* – which is dated October 1, 2013 – in the prison mail system on or before October 11, 2013, the last day to timely file such application." COURT ORDER granting motion for reconsideration of 3/6/14 clerk order, filed by Appellant Mr. Eleazar Vasquez, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. May 5, 2014).

The order of Fifth Circuit references Appellant's application to proceed *in forma pauperis* and states that it is dated October 1, 2013. The Fifth Circuit remanded the case for a factual determination of whether Appellant filed the application to proceed *in forma pauperis* was filed on or before October 11, 2013.

On May 19, 2014, an evidentiary hearing was held to determine whether Appellant placed his application to proceed *in forma pauperis* in the prison mail system[4] on or

---

[4] Under the prison mailbox rule, the date an inmate places a legal document in the prison mail system for submission to a federal court is deemed the date he filed such document. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (recognizing mailbox rule for appellate purposes); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999) (per curiam) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

before October 11, 2013.[5]  The Appellant testified that he placed his application to proceed *in forma pauperis* in the prison officials hands for processing and mailing on October 1, 2013.  Appellant testified that the prison officials processed the documents on October 4, 2013 and mailed the instruments to the Fifth Circuit on October 7, 2013.  In December 2013, Appellant was notified by letter that the Fifth Circuit had not received his application to proceed *in forma pauperis*.  Appellant filed a grievance with the Boyd Unit alleging that the unit had mishandled his legal mail. (D.E. 29).  The unit responded that his mail was properly handled and Appellant's legal mail was received by TDCJ Boyd Unit law librarian Ms. D. Robinson on October 4, 2013 and placed in the mail on October 7, 2014.  (D.E. 29, p. 3).

    The undersigned received a copy of the Appellant's application to proceed *in forma pauperis* from the Clerk of the Fifth Circuit. The document is date stamped February 24, 2014 and is electronically numbered as Case: 13-40965, Document: 00512545710 PAGE: 1 Date Filed 02/27/2014.  The application is dated October 1, 2013.  Attached at page three is an inmate account statement dated February 4, 2014.  Appellant explained that he resubmitted the application to proceed *in forma pauperis* in February 2014, apparently in an effort to remedy the Court not having received his previously mailed application.  When asked why Appellant did not send the original account

---

[5] The October 11, 2013, deadline is based on the 30 day deadline for appellant to submit an *ifp* application *set* by the United States District Clerk. (*See* D.E. 18, p. 2). However, the appellant was given 45 days from September 17, 2013, by the Clerk for the 5th Circuit to submit an *ifp* application . *See* INITIAL CASE CHECK, *Vasquez v. Livingston*, No. 13-40965 (5th Cir. Sept. 12, 2013).

statement, that is one dated September/October 2013, Appellant testified that TDCJ inmates are not allowed to possess or have copies of their inmate account statements.

Based on Appellant's testimony, a subsequent hearing was held on June 25, 2014, to consider the testimony of Ms. Deborah Robinson, the law librarian for TDCJ Boyd Unit. Ms. Robinson testified that the records of the institution reflect she processed Appellant's request for a copy of his inmate trust fund statement on October 3, 2013. She received Appellant's application to proceed *in forma pauperis* from Appellant for mailing on October 4, 2013. Ms. Robinson testified that October 4, 2013 was a Friday and Appellant's application to proceed *ifp* on appeal and inmate account statement were mailed on October 7, 2013. Appellant's application to proceed *ifp* and inmate account statement were mailed to the Fifth Circuit Court of Appeals.[6]

Based on the testimony presented and the matters referenced above, the undersigned believes that Appellant placed his application to proceed *in forma pauperis* on appeal in the prison mail system on October 4, 2013, although Appellant mistakenly mailed the application to the Fifth Circuit instead of the District Court. The following proposed findings of fact are submitted to the District Court with a recommendation that the findings of fact be adopted, entered on the docket of the District Court and forwarded to the United States Court of Appeals, Fifth Circuit.

### III. PROPOSED FINDINGS OF FACT

1. Appellant Eleazar Vasquez filed this *pro se* civil rights action in the Corpus Christi Division of the Southern District of Texas on May 13, 2013.

---

[6] Appellant should have mailed his application to proceed *ifp* on appeal to the District Court.

2. On June 14, 2013, Appellant's application to proceed *in forma pauperis* before the District Court was granted.

3. On August 18, 2013, the District Court dismissed Appellant's action with prejudice and entered final judgment.

4. Appellant filed a notice of appeal on September 3, 2013.

5. TDCJ Boyd Unit law librarian Deborah Robinson processed Appellant's request for his inmate account statement on October 3, 2013.

6. Appellant delivered his completed application to proceed *in forma pauperis* before the Fifth Circuit Court of Appeals along with his inmate account statement to TDCJ Boyd unit personnel for mailing on October 4, 2013.

7. On October 7, 2013, TDCJ Unit personnel mailed Appellant's application to proceed *in forma pauperis* on appeal to the Fifth Circuit Court of Appeals.

Respectfully submitted this 25th day of June, 2014.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file these Proposed Findings of Fact and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Proposed Findings of Fact and Recommendation , a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).